Dear Clerk Gegenheimer:
We are in receipt of your request for an Attorney General's opinion regarding a recall petition in Jefferson Parish. We will reiterate the facts as follows:
1. On the morning of June 25, 1993 the applicants for recall of Councilman Lawson filed the recall petition with the Registrar of Voters and mailed (posted marked) a copy of same to the Secretary of State. The petition was addressed to the Governor, all as per the requirements of the applicable state statutes.
2. Later, on the evening of June 25, 1993 the Registrar of Voters informed the applicants that he was unclear as to whether they should follow the state law or the provisions of the Parish Charter. The Charter provides that the petition should be filed with the Parish Clerk of Court and delivered to the Clerk of the Council.
3. The applicants of June 25, 1993 indeed complied with the charter as well as with the applicable provisions of the state law, as per #1.
4. The petition which has been circulated within the district for signature is the one which was approved by the Clerk of Court. The form of that petition is substantially similar to the one filed with the Registrar and mailed to the Secretary of State. It satisfies the basic requirements as to form set forth by state statute. The only difference is its heading, which refers to the Clerk of Court and the Parish Council instead of to the Governor.
The issue is this: As the applicants have already gotten a substantial number of signatures on this petition, can its heading be changed to conform with that on the petition filed with the Registrar and mailed to the Secretary of State? It appears that, in essence, the petition has satisfied the requirements of state law and has also followed the applicable provisions of the Parish Charter. The troubling aspect of this situation is that the petition on which many signatures have been gathered contains a different heading, as referred to above, than the one filed pursuant to state law. Stated another way, do the applicants have to start over, or can they continue to gather signatures on the petition already circulated, with an amended heading, while receiving full credit for those signatures already gathered?
The Attorney General's policy relating to his constitutional and statutory duty to render written opinions applies to a local office, such as the Clerk of Court; however, the Attorney General will not furnish opinions to private individuals. Your opinion request, in essence, seeks legal advice for a private citizen. In this regard, we advise you to refrain from providing any legal advice to private citizens and to inform them that they need to obtain assistance from a private attorney.
As Clerk of Court, you are required by law to perform all ministerial duties pertaining to your office. We are aware of the fact that the Jefferson Parish Charter, which provides for the recall of parish council members, is in conflict with the State Election Code. However, after extensive research on the conflict of law question, we must defer to the legal wisdom of the judicial system and suggest that a declaratory judgment be obtained in this matter by either an interested party or the Jefferson Parish Council. Meanwhile, it is our opinion that the Clerk of Court is a ministerial officer who is required to accept any petitions properly filed in his office.
Sincerely
 RICHARD P. IEYOUB Attorney General
 BY: ANGIE ROGERS LaPLACE Assistant Attorney General
ARL/lg